UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS MARTIN,

    Plaintiff,  
v.  

Civil No. 2:17-cv-10815  
Hon. Denise Page Hood

PAUL J. SULLIVAN, ET AL,

    Defendants.  
_____/

**ORDER DENYING "MOTION FOR AN ORDER OR F.O.I.A." (Dkt. 14)**

Plaintiff Marcus Martin, a state inmate incarcerated at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, filed a pro se civil complaint. The complaint alleged that the Defendants - all actors in his state criminal prosecution - conspired against him in order to deprive him of his constitutional rights as to his conviction. The Court summarily dismissed the complaint because Plaintiff's claims were barred by the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Before the Court is Plaintiff's "Motion for an Order or F.O.I.A." (Dkt. 14). The pro se pleading states that Plaintiff did not receive timely notice of the dismissal, that *Heck* does not bar review of his claims because a habeas action would be futile, and because Plaintiff did not intend to attack his

1

sentence. The motion does not state the relief requested.

With respect to the notice of the Court's May 31, 2017, order of dismissal, Petitioner filed a notice of appeal on July 28, 2017. At that time Plaintiff could have, but did not, file a motion to reopen the time to file an appeal because he did not receive proper notice of the judgment. Fed. R. App. P. 4(a)(6). The Sixth Circuit dismissed Plaintiff's appeal on that basis. *Martin v. Sullivan*, No. 17-1897 (6th Cir. November 22, 2017). Plaintiff advances no argument undermining the result reached by the Sixth Circuit.

Next, the fact that a habeas petition would be futile or that the complaint did not facially challenge Plaintiff's conviction or sentence does not alter the conclusion that his complaint was barred by *Heck*. *Heck* requires that the conviction be invalidated before a civil suit may be brought, and the fact that a plaintiff no longer has a means to invalidate his conviction has no bearing. *Id.*, 512 U.S. at 486-87. Nor does the fact that the complaint did not directly seek to invalidate Plaintiff's conviction matter. *Heck* extends to actions seeking any form of relief. See *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 U.S. App. LEXIS 9341, 1998 WL 246401, at *1

(6th Cir. May 5, 1998) (injunctive relief).

Accordingly, Plaintiff's motion is **DENIED.**

**SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: February 6, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 6, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager